UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

BRET LOVELADY,
ALLISON LOVELADY,

    PLAINTIFFS,                    CASE NO.: 21-80717-CV-
                                                                 SINGHAL/MATTHEWMAN

VS.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    DEFENDANT.

_____/

## **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs BRETT and ALLISON LOVELADY, respond in opposition to Defendant, NATIONAL SPECIALTY INSURANCE COMPANY'S ("NATIONAL") Motion to Dismiss, stating:

1. Defendant moves to dismiss alleging that Plaintiffs cannot bring a cause of action for declaratory relief – on a one count complaint for coverage on a homeowner's insurance claim, where NATIONAL failed to confirm or deny coverage.

2. The motion to dismiss should be DENIED.

3. Jurisdiction is based on diversity, so the Court uses the substantive law of Florida.

*The Complaint States a Cause of Action for Declaratory Relief*

3. Chapter 86, Florida Statutes, is the chapter of laws dealing with declaratory judgments.

4. Section 86.011, Florida Statutes, states that "courts have jurisdiction within their respective jurisdictional amounts to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. . . . Any person seeking a declaratory judgment may also demand additional, alternative, coercive, subsequent, or supplemental relief in the same action."

5. Section 86.031, Florida Statutes, states that a "contract may be construed either before or after there has been a breach of it."

6. Rule 57 of the Federal Rules of Civil Procedure governs the procedure for obtaining a declaratory judgment in federal court under 28 U.S.C. § 2201.

7. The Rule and the law are substantially the same as the Florida statutes.

8. Here, the Declaratory Judgment Act allows this Court to have a case about a declaratory judgment notwithstanding the fact that the insurance policy may also have been breached.

9. Section 86.111, Florida Statutes, states that the "existence of another adequate remedy does not preclude a judgment for declaratory relief."

10. Rule 57 states that "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

11. Again, just because a breach of contract is an option does not mean this case cannot proceed on the single count for declaratory relief.

12. In <u>Higgins v. State Farm Fire and Casualty Co.</u>, 894 So.2d 5, 15 (Fla., 2004), the Florida Supreme Court expressly held that the declaratory judgment statutes authorize declaratory judgments in respect to insurance policy coverage obligations.

13. The <u>Higgins</u> Court made clear – it directly held - that declaratory actions are proper to resolve coverage issues in the face of *unambiguous* insurance policy provisions. That is, the policy NEED NOT BE AMBIGUOUS to warrant declaratory relief.

14. In <u>Fayad v. Clarendon Nat'l Ins. Co.</u>, 899 So. 2d 1082 (Fla. 2005), the Florida Supreme Court ruled in favor of the homeowners in a FIRST-PARTY declaratory judgment case on a *denied* claim.

15. Moreover, in <u>Sebo v. American Home Assurance Co., Inc.</u>, 208 So. 3d 694 (Fla. December 1, 2016), the Supreme Court recently implied that declaratory relief is a perfectly reasonable and proper cause of action in a FIRST-PARTY case for a court to determine whether coverage exists on a covered but *underpaid* claim.

16. In <u>Sebo</u>, an insurer paid the homeowner $50,000.00 for coverage related to damage caused by mold, but denied coverage related to damage caused by water. <u>Id.</u> at 696. Sebo sued the insurer for declaratory relief to determine whether coverage under the policy existed for the water damage. <u>Id.</u> The case proceeded to trial on the merits of the declaratory action, and the jury found in favor of Sebo. <u>Id.</u> The case ascended to Florida's Supreme Court, which expressly, directly held that there was coverage under the Policy for the water damage at the home. <u>Id.</u> at 699-700.

17. Disputes over the coverage of an insurance policy have been traditionally considered the proper subject for declaratory judgment relief. <u>Perez v. State Auto. Ins. Ass'n</u>., 270 So.2d 377 (Fla.3d DCA 1972); <u>Jones v. Amsterdam Cas. Co.</u>, 213 So.2d 502 (Fla.3d DCA 1968); <u>Zeagler v. Com. Union Ins. Co. of New York</u>, 166 So.2d 616 (Fla.3d DCA 1964); <u>Cruger v. Allstate Ins. Co.</u>, 162 So.2d 690 (Fla.3d DCA 1964).

18. The <u>Perez</u> case cited above is expressly poignant to the issues herein. The Perez court DIRECTLY HELD:

> Our examination of this complaint convinces us that appellee's refusal to admit or deny coverage without specifying a reason for the refusal affords a sufficient basis for the circuit court's jurisdiction under Chapter 86, Fla. Stat., F.S.A.

<u>Perez</u>, 270 So. 2d at 378.

19. The Fourth DCA has held in two separate first-party PIP cases that declaratory relief is proper following covered injury losses. <u>Northwest Center for Integrative Medicine & Rehabilitation, Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 214 So. 3d 679 (Fla. 4th DCA 2017); <u>Green v. State Farm Mut. Auto. Ins. Co.</u>, 2017 WL 2131492 (Fla. 4th DCA May 17, 2017).

20. In fact, in <u>Heritage Property and Casualty Insurance Co. v. Romanach</u>, the Third DCA held that a pleading for declaratory relief, ironically where the insurer was the Plaintiff asking the court to determine coverage obligations under an insurance policy, is a valid cause of action – finding the trial court's dismissal of the declaratory judgment action improper. 224 So. 3d 262 (Fla. 3d DCA 2017).

21. Here, Plaintiff alleges that damage at the property was reported to Defendant and it was showed the damaged property. Plaintiffs further allege that Defendant has denied coverage for the loss.

22. As alleged in the Complaint, based upon the facts of the loss and language of a "all-risk" policy, there should have been coverage.

23. As such, Plaintiffs are unsure of their rights in regards to the Policy, including what types of losses are or are not covered, whether this Loss is covered, and how long Defendant has to adjust the loss.

24. Therefore, Plaintiff seeks a declaratory judgment for, *inter alia*, the determination of whether coverage exists under the Policy for this claim.

### *The Elements of a Declaratory Relief Claim*

25. To properly state a cause of action for declaratory relief, the Plaintiff must allege that (1) there is a bona fide dispute; (2) there is a justiciable question as to the existence or non-existence of some right, or some fact upon which this existence may depend; (3) the Plaintiff is in doubt as to the right; and (4) there is a bona fide, actual, and present need for the declaration. May v. Holley, 59 So. 2d 636 (Fla. 1952); Romo v. Amedex Ins. Co., 930 So. 2d 643, 648 (Fla. 3d DCA 2006).

26. The Plaintiff must also show that the antagonistic parties are before the court, and that the relief sought is not merely for the giving of legal advice. City of Sarasota v. Mikos, 613 So. 2d 566, 567 (Fla. 2d DCA 1993).

27. Moreover, the test for sufficiency of a declaratory relief claim is not whether the claim shows that the Plaintiff will prevail, but whether there is a bona fide dispute and the Plaintiff is entitled to a declaration of rights. Rigby, 505 So. 2d. at 600; Verdecia v. Am. Risk Assur. Co., 494 So. 2d 294, 294 (Fla. 3d DCA 1986) (reversing dismissal of complaint for declaratory relief); Tavares v. Allstate Ins. Co., 342 So. 2d 551, 553 (Fla. 3d DCA 1977) (holding that dispute over contract coverage sustained an action for declaratory relief) (emphasis added).

28. **Finally, Florida law requires that courts liberally construe and administer the application and scope of Florida's Declaratory Judgment Act, liberally allowing a declaratory claim to continue where the Plaintiff has pled the elements for a cause of action.** Backus v. Howard W. Backus Towing, Inc., 391 So. 2d 378, 380–81 (Fla. 3d DCA 1980);

Trafalgar Developers, Ltd. v. Morley, 305 So. 2d 274, 274–75 (Fla. 3d DCA 1974); Rigby v. Liles, 505 So. 2d 598, 600 (Fla. 1st DCA 1987).

29. Here, all the declaratory elements have been well-plead.

30. Defendant suggests in its motion to dismiss that it could not make a coverage decision and issue an undisputed payment because it was trying to settle the claim.

31. Even if that were true, and that its attempt to negotiate a settlement instead of paying what was undisputedly owed was a valid reason to not timely pay, this information and discussion is OUTSIDE THE FOUR CORNERS OF THE COMPLAINT.

32. Therefore, for the aforementioned reasons, the Declaratory Judgment count was properly plead.

WHEREFORE, Plaintiff respectfully requests the Defendant's Motion to Dismiss be Denied, along with any other relief this Court deems just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via CM/ECF email, pursuant to Rule 5(b)(2)(E) to: Erica Arend, Esq., Rolfes Henry Co., LPA, earend@rolfeshenry.com and/or was sent by electronic mail to the above addressees, June 23, 2021.

Respectfully Submitted,

Attorney for Plaintiff,

*/s/ Alejandro E. Lopez*
Alejandro E. Lopez, Esq.
Florida Bar No. 121879
Bernstein | Polsky
95 South Federal Highway, Suite 200
Boca Raton, Florida 33432
Tel:   (954) 997-9947
Fax:   (954) 301-2387
Email: service@bpinjury.com
Email: alex@bpinjury.com